UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALICIA M. SILVA,**

    Plaintiff,

v.                                    Case No. 8:04-CV-2542-T-17EAJ

**JOHN F. POTTER, Postmaster General
United States Postal Service.**,

    **Defendant.**
_____/

## ORDER

Before the court are Defendant's **Motion for Psychiatric and Psychological Assessment of Plaintiff** (Dkt. 34), Plaintiff's **Motion for Protective Order** (Dkt. 37), and Defendant's **Motion to Compel** (Dkt. 41). The court heard oral argument on these motions at a hearing held on November 21, 2005.

For the reasons stated at the hearing, rulings on Plaintiff's **Motion for Protective Order** (Dkt. 37) and Defendant's **Motion to Compel** (Dkt. 41) are **DEFERRED** until after December 2, 2005. The parties are ordered to confer in an effort to narrow or resolve the disputes that are the subject of these motions, and shall file a status report on the outcome of their discussions by December 2, 2005.

In the third motion discussed at the hearing, Defendant's **Motion for Psychiatric and Psychological Assessment of Plaintiff** (Dkt. 34), Defendant requests an order requiring Plaintiff to submit to a psychiatric and psychological examination conducted by Dr. Barbara Stein, M.D. Federal Rule of Civil Procedure 35(a) states, in relevant part:

    When the mental or physical condition . . . of a party . . . is in

> controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Fed.R.Civ.P. 35(a). The "in controversy" and "good cause" requirements of Rule 35 "are not met by mere conclusory allegations of the pleadings - nor by mere relevance to the case - but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964).

A mental examination is warranted when one or more of the following factors are present: (1) a tort claim is asserted for intentional or negligent infliction of emotional distress; (2) allegations of a specific mental or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) plaintiff intends to offer expert testimony in support of a claim for emotional distress damages; and/or (5) plaintiff concedes that her mental condition is in controversy within the meaning of Rule 35. Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 554 (N.D. Ga. 2001) (citations omitted).[1]

In her amended complaint, Plaintiff alleges she was wrongfully terminated from her employment with the U.S. Postal Service (USPS) and asserts claims for employment discrimination and retaliation on the basis of Plaintiff's age, national origin, and disability. Plaintiff further states that she was discharged from the Navy with a thirty-percent disability (30%) based on an asthmatic

---

[1] Even where these five factors have not been expressly recognized, most cases allowing mental examinations involve a claim for emotional distress or an allegation of ongoing severe mental injury. See Stevenson, 201 F.R.D. at 554 (citations and quotations omitted).

2

condition and post-traumatic stress disorder.[2]  According to Plaintiff, her USPS supervisors intentionally exacerbated her service-connected disabilities in taking discriminatory and other wrongful actions against her.  Plaintiff also asserts various other claims, including intentional infliction of emotional distress and claims damages for ongoing emotional distress, pain and suffering, and metal anguish, among other damages.  The complaint alleges a course of conduct beginning in early 1998 and continuing through approximately mid-2004. (Dkt. 52 ).

Defendant asserts that the court should order a mental examination because Plaintiff has placed her mental condition in controversy.  The portions of Plaintiff's complaints cited by Defendant are not repeated in detail here.  Simply put, Defendant seeks to have Plaintiff submit to a psychiatric and psychological examination by Barbara A. Stein, M.D. "for the purpose of identifying the mental or emotional impairment, if any, suffered by plaintiff, and determining whether said impairments were proximately caused or exacerbated by the alleged acts of employment discrimination described in the complaint in this action." (Dkt. 34 at 1)

In response, Plaintiff contends that her mental condition is not in dispute, that her mental condition prior to 1997 is not relevant to her claims, that Plaintiff alleges only "garden variety" compensatory damages, and that reports from Plaintiff's previous USPS mental evaluations already in Defendant's possession are sufficient.  Plaintiff also points out that she will not be introducing expert testimony as to damages but will rely on the treating and examining physicians whose records she states are already in the possession of the Defendant.[3]

---

[2] As Defendant points out, elsewhere in her complaint, Plaintiff states that her veteran's disability also is based on depression.

[3] Defendant disputes that it has all of Plaintiff's records and points out that she has resisted efforts to obtain these records or execute releases.  It is not necessary to resolve this inconsistency

The court is not unmindful of the concerns expressed by Plaintiff and has weighed her interests as well as those of the Defendant in ruling on this issue. However, Plaintiff may not use her past or current medical condition as both a "sword and a shield." By claiming past and ongoing mental and emotional injury due to Defendant's actions, including aggravation of a pre-existing mental condition, Plaintiff clearly has placed her mental condition in controversy.

As stated at the hearing on November 21, 2005, the undersigned finds good cause to order a Rule 35 examination. First, Plaintiff asserts a claim for intentional infliction of emotional distress. Secondly, Plaintiff's allegations of emotional harm are in essence allegations of a specific psychiatric injury by Defendant: the exacerbation of Plaintiff's pre-existing mental condition. Therefore under Rule 35, Defendant should have the opportunity to evaluate Plaintiff's mental condition in light of Plaintiff's claims in this case.[4]

The psychiatric and psychological assessment is limited to examining Plaintiff's mental state from 1998 through 2004 and the basis for the service-connected disability she received from the Navy (the date of this determination is not apparent from the record) as well as Plaintiff's current mental state, and to determine the nature and extent of her claimed injuries. The purpose of the examination is to identify the mental or emotional impairment, if any, suffered by plaintiff, and determining whether said impairments were proximately caused or exacerbated by the alleged acts of employment discrimination described in the complaint. (Dkt. 34 at 1).
 As part of the examination, Dr. Stein may utilize the diagnostic tools and procedures identified in paragraph 5 of Defendant's motion. (Dkt. 34 at 5).

---

in ruling on the Rule 35 motion.

[4] No objection has been made to Dr. Stein's qualifications.

The examination shall be conducted by Dr. Barbara Stein, M.D. at her office at a time mutually agreeable to the parties and within 30 days of this order unless the parties jointly agree to another date.

Upon consideration, it is **ORDERED and ADJUDGED**:

(1)   Plaintiff's **Motion for Protective Order** (Dkt. 37) and Defendant's **Motion to Compel** (Dkt. 41) are hereby **DEFERRED** pending a status report to be filed by the parties no later than December 2, 2005.

(2)   Defendant's motion for psychiatric and psychological assessment of Plaintiff (Dkt. 34) is **GRANTED** as more specifically set out in the preceding paragraphs of this order.

**DONE AND ORDERED** in Tampa, Florida on this 23rd day of November, 2005.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

Copies to:
Counsel of Record