## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ALICIA M. SILVA,**

    **Plaintiff,**

v.                                                          **Case No. 8:04-CV-2542-T-17EAJ**

**JOHN E. POTTER, et al..**,

    **Defendant.**

_____/

### ORDER

Before the court are Plaintiff's **Motion for Protective Order** (Dkt. 37), Defendant's **Motion to Compel** (Dkt. 41), Plaintiff's **Response to Defendant's Motion to Compel** (Dkt. 44), Defendant's **Motion for Protective Order** (Dkt. 58), and Defendant's **Motion for Protective Order** (Dkt. 60).

**I.**     **Plaintiff's Motion for Protective Order (Dkt. 37) and Defendant's Motion to Compel (Dkt. 41).**

The court heard oral argument on Plaintiff's motion for protective order and Defendant's motion to compel at a hearing on November 21, 2005, and deferred ruling pending a status report by the parties. The parties each filed a status report on the outcome of their discussions on December 2, 2005. (Dkts. 56 and 57).

Both motions concern the extent of disclosure of Plaintiff's medical, psychological, and service records from her Navy service. Defendant argues that Plaintiff has raised the issue of her mental and emotional condition by alleging emotional distress, and that Plaintiff's prior medical records are relevant evidence of alternate causes of these injuries. (Dkt. 41). Plaintiff contends that her medical disability is not in dispute, that her past medical and military records are irrelevant

to whether Defendant's actions were justified, that the records were created more than six years prior to Plaintiff's employment with Defendant, and that they contain privileged communications with Plaintiff's therapist. (Dkt. 44).

In a status report filed December 2, 2005 (S-1), Defendant relates that Plaintiff consents to disclosing all VA psychiatric/psychological records beginning from Plaintiff's employment with Defendant in 1997 to the present. The parties did not reach an agreement regarding Plaintiff's past military records, including medical or psychological records in the custody of the Navy.[1]

Under Federal Rule of Civil Procedure 26(b)(1), "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Plaintiff argues that because her disability is not in issue, her physical or mental condition is not in controversy, and therefore her prior medical records are irrelevant. (Dkt. 44 at 10). The undersigned previously considered this issue and found that Plaintiff has placed her mental condition in controversy. (Dkt. 55 at 4).

Plaintiff next argues that her privacy interests outweigh Defendant's need for the requested materials. Plaintiff asserts that her military medical records contain information regarding confidential communications between Plaintiff and a licensed psychotherapist or social worker and notes from counseling sessions. (Dkt. 44 at 11). Plaintiff also claims that Plaintiff's previously disclosed VA medical records are sufficient evidence of the emotional stress caused by Defendant. (Dkt. 44 at 14). Defendant maintains that Plaintiff's prior Navy medical records are necessary for

---

[1] The parties also did not agree on the disclosure of Plaintiff's medical records with the Office of Workers Compensation Programs ("OWCP"). However, Defendant subsequently filed an unopposed motion for protective order for release of Plaintiff's OWCP medical file. (Dkt. 58, addressed below). As the motion is unopposed, the parties no longer dispute the disclosure of this information.

the forensic psychiatric examiner to compare Plaintiff's current mental/emotional state with her previous state. (Dkt. 41 at 9-10).

Plaintiff has a valid privacy interest in protecting her medical records from unnecessary disclosure. However, Plaintiff has alleged emotional harm caused by Defendant, and Defendant has an interest in determining whether there may be other causes of Plaintiff's alleged emotional injury. The court is cognizant of the sensitive nature of mental health records in general as well as Plaintiff's specific concerns regarding the disclosure of her medical records. However, Plaintiff cannot use her medical condition as a basis for claiming damages against Defendant and, at the same time, deny Defendant an opportunity to examine Plaintiff's medical history for possible defenses to Plaintiff's allegations.

In the court's order of November 23, 2005, the undersigned ordered Plaintiff to submit to a psychiatric and psychological assessment, but limited the scope of the examination to the relevant time period of 1998 through 2004.[2] (Dkt. 55 at 4). As stated at the hearing on November 21, 2005, Plaintiff's Naval medical records date from before this time period. Defendant has been provided with Plaintiff's more recent VA medical records, which contain a VA psychotherapist's notes and communications. (Dkt. 44 at 14). In addition, Defendant will have the benefit of the forensic examiner's report, which can include an analysis of the nature and extent of Plaintiff's claimed injuries. (Dkt. 55 at 4).

Unfortunately, this information does not provide Defendant with adequate material to evaluate its potential defenses. However, the disclosure of all of Plaintiff's Navy medical records

---

[2]The examination includes the basis for the service-connected disability Plaintiff received from the Navy, the exact date of which is not apparent from the record.

is not necessary to ensure Defendant the opportunity to defend itself, and Plaintiff's privacy interests weigh against compelling their complete disclosure. Plaintiff alleges that her supervisors at the USPS intentionally exacerbated Plaintiff's service-connected disability by taking wrongful actions against her, and that her injuries include aggravation of a pre-existing mental condition. As found in the court's order of November 23, 2005 (Dkt. 55), Plaintiff has placed her mental condition in controversy and essentially alleges a specific psychiatric injury by Defendant, that is, the exacerbation of Plaintiff's pre-existing mental condition. Some disclosure of Plaintiff's prior medical records is therefore necessary for Defendant to effectively evaluate the nature and extent of the mental or emotional injury Plaintiff claims is due to Defendant's actions.

In order to afford Plaintiff the highest degree of privacy possible while allowing Defendant the opportunity to defend its rights, Plaintiff must disclose only those Naval medical, mental health, and service records relating to her service-connected disability. The importance of these records to the asserted claims and potential defenses outweigh Plaintiff's privacy interests, for the reasons previously stated. For Plaintiff's Navy records that are not related to her service-connected disability, the balance tips towards non-disclosure as the relevance of these records has not been demonstrated.

**II.     Defendant's Motion for Protective Order (Dkt. 58) and Motion for Protective Order (Dkt. 60).**

Defendant's **Motion for Protective Order** (Dkt. 58) and **Motion for Protective Order** (Dkt. 60) are unopposed. (Dkt. 58 at 4; Dkt. 60 at 4). In the former motion, Defendant seeks a protective order for discovery sought from the Office of Worker's Compensation Programs in order to assure compliance with the Privacy Act. In the latter motion, Defendant requests a protective order for discovery sought from the Office of Personnel Management, specifically the Retirement

Operations Center, also for the purpose of assuring compliance with the Privacy Act.

The court finds good cause for the issuance of these confidentiality stipulation and protective orders. See Fed. R. Civ. P. 26(c). Additionally, the provisions of the protective orders as laid out in Defendant's motions are specifically incorporated by reference within this order. However, nothing in this order shall authorize any party to file under seal, absent further court order, any confidential discovery material with the Clerk of the Court or at trial as such filings are subject to greater scrutiny due to the common law right to inspect and copy judicial records and public documents. See In re Alexander Grant & Co., 820 F.2d 352, 355 (11th Cir. 1987), aff'g 629 F. Supp 593, 597 (S.D. Fla. 1986).

Upon consideration, it is **ORDERED and ADJUDGED**:

(1) Plaintiff's **Motion for Protective Order** (Dkt. 37) is **DENIED** to the extent that Plaintiff shall disclose her Navy medical, mental health, and service records that relate to her service-connected disability, and **GRANTED** in all other respects.

(2) Defendant's **Motion to Compel** (Dkt. 41) is **GRANTED** to the extent discussed above and **DENIED** in all other respects.

(3) Defendant's **Motion for Protective Order** (Dkt. 58) and **Motion for Protective Order** (Dkt. 60) are **GRANTED** with the condition described supra.

5

**DONE AND ORDERED** in Tampa, Florida on this 6th day of January, 2006.

---
ELIZABETH A JENKINS
United States Magistrate Judge