UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALICIA M. SILVA,**

    **Plaintiff,**

v.                                              Case No. 8:04-CV-2542-T-17EAJ

**JOHN E. POTTER, et al.**,

    **Defendants.**

_____/

## ORDER

Before the court are Plaintiff's **Motion to Extend Discovery Deadlines** (Dkt. 76), Defendant's Opposition to Plaintiff's Motion to Extend Discovery Deadlines (Dkt. 78), Defendant's **Motion for Leave to Reconvene and Finish a Deposition** (Dkt. 77), and Plaintiff's Response to Defendant's Motion for Leave (Dkt. 79).

**I.    Plaintiff's Motion to Extend Discovery Deadlines (Dkt. 76)**

Plaintiff requests that the discovery deadline and subsequent deadlines be extended thirty days due to difficulties in scheduling and completing depositions. Defendant opposes the extension and asserts that Plaintiff waited until the end of the discovery period to make broad requests for production.[1]

The current deadline for the completion of discovery is March 15, 2006. (Dkt. 43). On March 11, 2006, Defendant objected to Plaintiff's Third Request to Produce by asserting that the request was served less than 30 days before the discovery deadline. (Dkt. 76, Attachment). Plaintiff

---

[1] However, Defendant seeks to extend the discovery deadline for the limited purpose of reconvening and finishing the deposition that is the subject of a separate motion, discussed below. (See Dkt. 77).

does not contest this assertion or argue that the request was made on a timely basis given the discovery deadline. The reasons offered by Plaintiff do not show good cause for extending discovery.[2] Plaintiff's motion is therefore **DENIED**.

## II. Defendant's Motion for Leave to Reconvene and Finish a Deposition (Dkt. 77)

Plaintiff deposed witness Jeanne Staffeldt, a postal employee, on March 9, 2005 at 3:00 p.m. An attorney employed by the Law Department of the Postal Service, of counsel to the United States Attorney's Office for this litigation, began cross-examination of the witness at 4:52 p.m. (Dkt. 77 at 2). After approximately 15 minutes of cross-examination, Plaintiff's counsel stopped the deposition. Defendant argues that Plaintiff's counsel violated Federal Rules of Civil Procedure 30(c) and 30(d)(4) by not allowing the deposition to proceed and, after stopping the deposition, by not thereafter applying for a protective order from the court. Plaintiff contends that he terminated the deposition because of the hostile and abusive manner in which the deposition was being conducted. Defendant seeks to resume the deposition and asks for an extension of the discovery deadline solely for that purpose; Plaintiff's counsel states that he is amenable to the continuation of the deposition by telephone if conducted by the Assistant U.S. Attorney of record. (Dkt. 77 at 1; Dkt. 79 at 4).

Plaintiff's counsel's objections to the manner in which Defense counsel posed questions to the deponent were noted in the record of the deposition. Under Fed.R.Civ.P. 30(c), the deposition should have proceeded with these objections in place. Accordingly, Defendant's motion is **GRANTED** as to the request to reconvene and complete the deposition. The deposition shall be

---

[2] Discovery is enlarged, however, for the sole purpose of reconvening the deposition of Ms. Staffeldt as discussed subsequently in this order.

reconvened at a time and place agreed on by the parties. Plaintiff's counsel may appear by telephone at the reconvened deposition if such an arrangement is acceptable to Defendant, and any attorney of record representing Defendant may participate in the deposition. Defendant's request to extend the discovery deadline for the purpose of completing this deposition is **GRANTED**.

Upon consideration, it is **ORDERED and ADJUDGED**:

(1) Plaintiff's **Motion to Extend Discovery Deadlines** (Dkt. 76) is **DENIED**.

(2) Defendant's **Motion for Leave to Reconvene and Finish a Deposition** (Dkt. 77) is **GRANTED**. The deposition of witness Jeanne Staffeldt shall be reconvened at a time and place agreed on by the parties. The discovery deadline is extended for this sole purpose.

**DONE AND ORDERED** in Tampa, Florida on this 24th day of March, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge