UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ALICIA M. SILVA,**

 **Plaintiff,**

v.                 Case No. 8:04-CV-2542-T-17EAJ

**JOHN E. POTTER, et al.**,

 **Defendants.**

_____/

REPORT AND RECOMMENDATION

  Before the court are Defendants' **Motion for Issuance of Order to Show Cause Regarding Pro Hac Vice Admission of Counsel for Plaintiff** (Dkt. 92), Counsel for Plaintiff's Response (Dkt. 95), Counsel for Plaintiff's **Motion to Withdraw as Attorney** (Dkt. 103), and Defendants' Response (Dkt. 104). The undersigned heard oral argument on these motions on July 5, 2006.

**I.**  **Defendants' Motion for Issuance of Order to Show Cause Regarding Pro Hac Vice Admission of Counsel for Plaintiff (Dkt. 92)**

  Plaintiff's counsel Mr. Beacham practices in Evansville, Indiana; he is not a member of the Florida Bar. At the outset of the case, the court allowed Mr. Beacham to appear *pro hac vice* and waived the requirement for Plaintiff to obtain local counsel. (Dkt. 6).

  In the motion, Defendants object to Mr. Beacham's non-consensual recording of a phone conversation between Dr. Stein—the physician who conducted Plaintiff's IME—and Mr. Beacham that occurred during the IME. Defendants state that at a later deposition Mr. Beacham proposed a trade of the recording in exchange for production of a USPS employee's records which had not been timely requested. (Dkt. 92 at 4). Defendants first argue that this conduct does not comport with Florida Bar Rule 4-8.4(b), as it is "a criminal act that reflects adversely on the lawyer's honesty,

trustworthiness, or fitness as a lawyer in other respects." Defendants assert that Mr. Beacham's recording of the telephone conversation between himself and Dr. Stein violates Fla. Stat. §§ 934.01-07, which prohibit the interception of oral communications. Second, Defendants claim that Mr. Beacham's conduct in recording the phone call, concealing that fact for over a month, and later attempting to barter with it violates Florida Bar Rule 4-8.4(c), which prohibits conduct involving "dishonesty, fraud, deceit, or misrepresentation."

Defendants next contend that Mr. Beacham asserts in this case certain individual liability claims which Mr. Beacham has previously litigated in other cases before this court and Circuit and has lost. Defendants submit a chart detailing the alleged similarities between this action and <u>Fish v. U.S.P.S., et al.</u>, No. 8:03-cv-2198-T-26-TBM. (Dkt. 92, Exhibit A). Finally, Defendants reiterate that Mr. Beacham improperly terminated the deposition of Jeanne Staffeldt, as the court recognized in a prior order. (Dkt. 80). Defendants ask the court to revoke Mr. Beacham's <u>pro hac vice</u> admission or impose other appropriate sanctions.

Plaintiff's counsel responds that he regularly records telephone conversations with his clients to assist in preparing notes for his files, that he was initially speaking with Plaintiff during the IME, and that any recording of his conversation with Dr. Stein was inadvertent due to passing Plaintiff's cell phone back and forth in the absence of a speaker phone. (Dkt. 95 at 2). Mr. Beacham states that he did not intend to violate any state or federal wiretapping and that he did not intend any deceit. Mr. Beacham characterizes his offer to trade the recording for employee records as "sharing information between counsels [sic] to resolve disputed issues." (Dkt. 95 at 3).

At the hearing on July 5, 2006, Mr. Beacham stated that he no longer had the recording because he had inadvertently used the tape to record an interview with another client in May 2006.

2

Defense counsel stated that he notified Mr. Beacham by letter prior to May 2006 that the recording would be an issue brought before the court by motion. Upon the court's direction, Defendants filed a copy of this letter, which is dated March 30, 2006. (Dkt. 107, Attachment 1).

Mr. Beacham also argues that the Fish case was resolved by application of claim and issue preclusion principles which do not apply to the facts of this case. Plaintiff's counsel asserts that Defendants have already obtained a ruling regarding the termination of Ms. Staffeldt's deposition, and that despite the court's order allowing it, Defendants failed to reconvene the deposition. (Dkt. 95 at 4).

A federal court has the inherent power to control admission to its bar and to discipline attorneys who appear before it. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (citation omitted). The court's authority over attorney admission encompasses out-of-state attorneys who are granted the privilege of appearing pro hac vice. Macdraw, Inc. v. CIT Group Equipment Financing, Inc., 94 F.Supp. 447, 455 (S.D. N.Y. 1997). In the Eleventh Circuit, an attorney's pro hac vice status may not be revoked without notice and the opportunity to be heard. Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193, 1211 (11th Cir. 1985).

Depending on the type of conduct alleged, different standards govern disqualification of an attorney admitted to appear pro hac vice. Schlumberger Technologies, Inc. v. Wiley, 113 F.3d 1553, 1561 (11th Cir. 1997). If, as in this case, the attorney's conduct is allegedly unethical but does not threaten to disrupt court proceedings or directly challenge the court's authority, the court must determine if a specific rule of conduct has been violated. Id. (citing In re Finkelstein, 901 F.2d 1560, 1565 (11th Cir. 1990)); see also Johnson v. Trueblood, 629 F.2d 302, 304 (3d Cir. 1980) ("At a minimum, a violation of any disciplinary standard applicable to members of the bar of the court

would justify revocation of pro hac vice status.").

An attorney appearing specially in the Middle District of Florida is deemed to be familiar with and governed by the ethical limitations and requirements governing the professional behavior of the members of the Florida Bar. Local Rule 2.02(c), M.D. Fla. The specially-admitted attorney may be disciplined by the court, after hearing and for good cause shown, by disbarment, suspension, reprimand, or other disciplinary action as the court deems proper. Local Rule 2.04(a), M.D. Fla.

Here, Plaintiff's counsel admits that he called Plaintiff during her IME and asked to speak with Dr. Stein. Plaintiff states that he was recording this conversation and that he did not advise Dr. Stein of that fact. Mr. Beacham was notified by Defendants by letter on March 30, 2006 that the tape of this conversation would be the subject of a motion before the court. It defies credulity that Plaintiff's counsel would not have taken care to not record over this tape following receipt of such a letter. The undersigned declines to speculate on the ramifications of Mr. Beacham's conduct under Fla. Stat. §§ 934.01-07; however the disappearance of the recording suggests, at a minimum, a lack of candor on counsel's part towards the court and opposing counsel. See Eagan by Keith v. Jackson, 855 F.Supp. 765, 791 (E.D. Pa. 1994) (appropriate sanction for breach of duty of candor to the court was revocation of pro hac vice admission). Thus, Mr. Beacham's adherence to the professional standards of this court is sufficiently questionable to justify an order to show cause why his pro hac vice admission should not be revoked. Consequently, it is unnecessary to address the other grounds alleged in the Defendants' motion as a basis for the relief sought.

## II.     Counsel for Plaintiff's Motion to Withdraw as Attorney (Dkt. 103)

After responding to Defendants' motion for issuance of a show cause order, Plaintiff's

counsel filed a motion to withdraw.[1]  Mr. Beacham seeks court approval to withdraw from representing Plaintiff due to irreconcilable differences in communication, cooperation, control over the litigation proceedings, and payment of legal expenses.[2]  Defendants oppose Mr. Beacham's withdrawal without certain conditions in place: Defendants would first like Mr. Beacham to address the motion to revoke his pro hac vice status and ask that Mr. Beacham be required to help Plaintiff obtain successor counsel.  At the hearing on July 5, 2006, Plaintiff indicated that she objects to Mr. Beacham withdrawing.

Under Local Rule 2.03(c), M.D. Fla., leave to withdraw shall not be given, "absent compelling ethical considerations, if such withdrawal would likely cause continuance or delay." This action has been pending for approximately nineteen months, since November 2004, the court has ruled on Defendants' motion for summary judgment, and trial is set to commence anytime after May 15, 2006.  (Dkts. 1, 43, 108).  Allowing Plaintiff's counsel to withdraw at this advanced stage of the proceedings would almost certainly cause delay while Plaintiff sought new counsel and while substitute counsel familiarized themselves with the case.  Therefore the undersigned recommends that Counsel for Plaintiff's motion to withdraw be denied without prejudice at this time.

As ordered on the record at the hearing on July 5, 2006, pending the District Judge's ruling on the present motions, if Mr. Beacham moves to appear pro hac vice in any other case in the Middle District of Florida, he shall file notice of the motion in this case.

Upon consideration, it is **RECOMMENDED** that:

---

[1] From the motion, it does not appear that Mr. Beacham gave 10 days notice of his intent to withdraw to his client and opposing counsel per Local Rule 2.03(b).

[2] In the Notice of Attorney's Lien filed on July 11, 2006 (Dkt. 110), Mr. Beacham claims that Plaintiff owes him $201,576.68 in outstanding attorney's fees and expenses.

(1) Defendants' **Motion for Issuance of Order to Show Cause Regarding Pro Hac Vice Admission of Counsel for Plaintiff** (Dkt. 92) be **GRANTED** and Plaintiff's counsel be ordered to show cause at a hearing before the District Judge why this Court should not revoke his admission pro hac vice.

(2) Counsel for Plaintiff's **Motion to Withdraw as Attorney** (Dkt. 103) be **DENIED WITHOUT PREJUDICE**.

**Dated: July 20, 2006**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal and a de novo determination by a District Judge. See 28 U.S.C. 636 (b)(1).

Copies to:
Counsel of record
District Judge