**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALICIA M. SILVA,**

**Plaintiff,**

**v.** **Case No. 8:04-cv-2542-T-17EAJ**

**JOHN E. POTTER, et al.,**

**Defendants.**
**_______________________________________/**

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Report and Recommendation issued by Magistrate Judge Elizabeth A. Jenkins on July 20, 2006, (Dkt. 112), on the Defendant's Motion for Issuance of Order to Show Cause Regarding Pro Hac Vice Admission of Counsel for Plaintiff, (Dkt. 92), and Counsel for Plaintiff's Motion to Withdraw as Attorney, (Dkt. 103). The Court also has before it Counsel for Plaintiff's Objections to Report and Recommendation, filed July 27, 2006, (Dkt. 116), and Defendants' Response to Plaintiff's Objections to Report and Recommendation, filed July 31, 2006 (Dkt. 118-1).

### I. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections to the factual findings and recommendations of a magistrate judge within ten days of being served with the Report and Recommendation. Where a magistrate judge chooses to issue a Report and Recommendation instead of an Order on a nondispositive motion and neither party opposes that choice, the district judge shall presume that the parties acquiesced to the magistrate judge's treatment of the matter as dispositive and, therefore, shall make a *de novo* review of those portions of the Report and Recommendation to which timely objections are made. *Plante v. Fleet Nat. Bank*, 978 F. Supp. 59, 64, 65, n. 4 (D.R.I. 1997) (citing *Lancellotti v. Fay*, 909 F.2d 15, 17 n. 2 (1st Cir. 1990)); *Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1561 (M.D. Fla. 1993). Regarding any portions of the Report and Recommendation not objected to, the district

judge shall evaluate them under a clearly erroneous standard of review. *Gropp*, 817 F. Supp. at 1562.

In the matter before the Court, the magistrate judge heard oral argument on the motion for order to show cause as well as the motion to withdraw and subsequently issued a Report and Recommendation. In response to the Plaintiff's objections to the Report and Recommendation, the Defendant relies on 28. U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) in asserting that the "clearly erroneous or contrary to law" standard of review should be applied to the magistrate judge's Report and Recommendation because the motions are not case-dispositive. However, 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) provide the standard of review for a magistrate judge's Order but do not discuss a Report and Recommendation. By not objecting to the magistrate judge's choice of issuing a Report and Recommendation instead of an Order, the Defendant has, as a result, acquiesced to the magistrate judge's choice to treat this matter as dispositive before this Court. *Plante*, 978 F. Supp. at 65, n. 4. Likewise, the Plaintiff, in not objecting to the magistrate judge's choice of a Report and Recommendation, has also acquiesced. Accordingly, the Court will apply the *de novo* standard of review to the objected to portions of the Report and Recommendation. *Id*.

## II. Factual and Procedural Background

This controversy involves an employment discrimination dispute between Plaintiff, Alicia M. Silva, ("Ms. Silva"), a 48-year-old Hispanic postal worker at the Englewood, Florida, facility, and Defendants, John E. Potter, Postmaster General of the United States Postal Service, and Carl Eric Strandberg, a local postmaster at the Englewood facility, ("the Postmaster").

Ms. Silva's counsel, Charles W. Beacham, ("Mr. Beacham"), practices law in Evansville, Indiana, and is not a member of the Florida Bar. This Court allowed Mr. Beacham to appear *pro hac vice* and waived the requirement for local counsel. The Postmaster now seeks an order to show cause why Mr. Beacham's *pro hac vice* status should not be revoked.

The Postmaster claims that on January 31, 2006, Mr. Beacham secretly recorded a telephone conversation he had with the physician who conducted Ms. Silva's Independent Medical Examination and, in so doing, violated Fla. Stat. §§ 934.01-07 which prohibits the interception of oral communications without consent. The Postmaster claims Mr. Beacham's conduct violates Florida Bar Rule 4-8.4(b) because his criminal act negates his fitness as a

lawyer. The Postmaster also claims that Mr. Beacham violated Rule 4-8.4(c), which prohibits dishonesty, fraud, deceit and misrepresentation, when he subsequently concealed the recording for over five weeks, tried to use it as leverage to obtain documents from the Postmaster, and then destroyed it after learning the Postmaster brought its existence to the Court's attention.

The Postmaster also contends that Mr. Beacham makes individual liability claims in this action which he has litigated and lost in other actions before this Court, *e.g. Fish v. U.S.P.S., et al.*, No. 8:03-cv-2198-T-26-TBM, and that Mr. Beacham improperly terminated the deposition of Jeanne Staffeldt which the Court noted in its Order dated March 24, 2006.

Mr. Beacham claims that the taping of the conversation with the physician was inadvertent, and, while he admits that he offered the recording to the Postmaster at a later deposition in order to resolve disputed issues, he claims that he was only sharing information, that he had no wrongful intent, and that he was not up to that time concealing the recording. Mr. Beacham also admits that he unintentionally recorded over the tape after he received a letter from the Postmaster stating that the existence of the tape would be brought to the Court's attention.

Further, Mr. Beacham asserts that the Postmaster's references to *Fish v. U.S.P.S., et al*, and the Staffeldt deposition do not apply to the matter at hand.

Finally, Mr. Beacham moves to withdraw as counsel claiming irreconcilable differences with Ms. Silva and nonpayment of fees. Ms. Silva objects to Mr. Beacham's withdrawing.

The Postmaster opposes Mr. Beacham's motion to withdraw prior to a show cause hearing on the motion to revoke his *pro hac vice* admission.

After considering the parties' motions and respective oral arguments, Magistrate Judge Jenkins found that the disappearance of the recording suggests a lack of candor toward the Court on Mr. Beacham's part and that such conduct justifies an order to show cause why his *pro hac vice* admission should not be revoked. Magistrate Judge Jenkins did not address Mr. Beacham's conduct in light of Fla. Stat. §§ 934.01-07 nor did she find it necessary to address the other assertions made by the Postmaster regarding the individual liability claims or the improper termination of a deposition. Magistrate Judge Jenkins recommended the Court grant Defendant's Motion for Issuance of Order to Show Cause Regarding Pro Hac Vice Admission of Counsel for Plaintiff.

Regarding the motion to withdraw, Magistrate Judge Jenkins found that permitting Mr. Beacham to withdraw at this late date when trial is ready to commence would cause certain delay in that successor counsel would have to be sought and apprised of the case. She recommended the Court deny without prejudice Plaintiff's Motion to Withdraw.

Mr. Beacham objects to the portion of the Report and Recommendation suggesting any unethical conduct or lack of candor toward the Court on his part which would justify an order to show cause on revocation of his *pro hac vice* status, and the Court will consider his objection. Mr. Beacham also requests that Ms. Silva be ordered to pay attorneys fees and to cooperate with counsel.

The Postmaster filed responses to Mr. Beacham's objections which also factor into this Court's discussion.

## III. Defendant Postmaster's Motion for Issuance of Order to Show Cause Regarding *Pro Hac Vice* Admission of Counsel for Plaintiff

The scope of a federal court's inherent power includes the power to control admission to its bar and to discipline, suspend, or disbar the members of its bar including out-of-state attorneys privileged to appear *pro hac vice*. *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1991); *In re Snyder*, 472 U.S. 634, 643 (1985); *In re Rappaport*, 558 F.2d 87, 89 (2d Cir. 1977); Local Rule 2.04(a), M.D. Fla., (allowing the Court to discipline an attorney *admitted pro hac vice* for good cause after a hearing). In fact, as early as 1824, Chief Justice Marshall discussed the Court's responsibility to maintain the high respectability of the bar and to safeguard the harmony between the bar and the bench when he determined that the Court has the controlling power to disbar an attorney. *Ex parte Burr*, 22 U.S. 529, 530 (1824). Since attorneys admitted *pro hac vice* practice under the same professional rules as regularly admitted counsel, such attorneys must measure up to the same high standards of respectability and, accordingly, must be afforded notice and an opportunity to be heard when charged with violations of such rules. *Kirkland v. National Mortg. Network, Inc.*, 884 F.2d 1367, 1372 (11th Cir. 1989). In addition, the Court in determining an ethical violation cannot use its own subjective standard but must identify a specific violation of the Model Rules of Professional Conduct[1] and in so doing it realizes a limit

[1] Specifically, the Model Rules of Professional Conduct of the American Bar Association as modified and adopted by the Florida Supreme Court of Florida. Local Rule 2.04(d), M.D. Fla.

on its own power. *Schlumberger Technologies, Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997); Local Rule 2.04(d), M.D. Fla.

An attorney must not "engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." Florida Bar Rules of Professional Conduct 4-8.4(c). An attorney must not "knowingly make a false statement of material fact . . . to a tribunal. Florida Bar Rules of Professional Conduct 4-3.3(a)(1).

Here, Mr. Beacham admits to inadvertently recording a telephone conversation with the physician conducting his client's Independent Medical Examination without the consent of the physician. Mr. Beacham admits to offering the recording in order to refute assertions of the opposing party at a deposition some five weeks after the recording was made. And, Mr. Beacham admits at a hearing before the Court on July 5, 2006, to inadvertently destroying the original recording of the telephone conversation *after* being informed by way of a letter from opposing counsel dated March 30, 2006, that the existence of the recording would be brought to the attention of the Court. In such a course of conduct, Mr. Beacham has seemingly exhibited disingenuousness to the Court by stating that he destroyed the recording and has thereby avoided the possibility of its disclosure. Mr. Beacham has also exhibited disingenuousness to opposing counsel in trying to use this nonconsensual recording to gain an advantage at a deposition. Since Mr. Beacham's course of conduct pertaining to this bedeviled recording has been consistent in its appearance of dishonesty, it is, consequently, sufficient to justify an order to show cause why his admission *pro hac vice* should not be revoked. *See Eagan v. Jackson*, 855 F. Supp. 765, 791 (E.D. Pa. 1994) (finding that revocation of *pro hac vice* status was an appropriate sanction for violating the rule regarding candor to the tribunal where counsel's various misrepresentations were considered collectively).

Accordingly, the Defendant Postmaster's Motion for Issuance of Order to Show Cause Regarding *Pro Hac Vice* Admission of Counsel for Plaintiff is GRANTED.

## IV. Counsel for Plaintiff's Motion to Withdraw as Attorney

Under Local Rule 2.03(c), in order to be permitted by the Court to withdraw as counsel when such a withdrawal would likely result in delay or continuance, counsel must establish a compelling ethical consideration such as an "irreconcilable conflict" between attorney and client of such severity as to necessitate withdrawal. *Mekdeci v. Merrell Nat. Laboratories, a Div. of*

*Richardson-Merrell, Inc.*, 711 F.2d 1510, 1520-1521 (11th Cir. 1983); *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981) (finding that a court must make certain that no disruption of the case results where an attorney seeks to voluntarily withdraw).[2] A client's refusal to cooperate with her attorney may result in a breakdown of confidence between client and attorney and may risk the chance of a successful outcome of the case, but it does not provide grounds that necessitate the attorney's withdrawal. *Blackman v. Kaufman*, 1991 WL 156237, *1 (S.D.N.Y. 1991).

The matter before us has been pending since November 2004, and the time for trial is at hand. Thus, a motion to withdraw would certainly cause delay. In his objection to the Report and Recommendation, Mr. Beacham alleges difficulties in communication, client cooperation, and payment of legal fees, but he presents no legal authority and no compelling ethical considerations which *mandate* withdrawal. On the other hand, Mr. Beacham does present various inconsistent statements. Mr. Beacham states that his disagreement with Ms. Silva over payment of fees led to her requesting arbitration pursuant to the fee agreement, and, yet, in the same paragraph, he also states that he has received no communication from her regarding his request for payments. Mr. Beacham states that Ms. Silva's refusal to cooperate makes representation impossible, and, yet, in the same paragraph, he states he does not intend to withdraw if it would cause delay. Mr. Beacham states that he does not know if Ms. Silva is seeking successor counsel, and, yet, in the same paragraph, he states that she informed him that she wasn't paying him because she needed the money for successor counsel. At the same time, Mr. Beacham also states that Ms. Silva objects to his withdrawal. And, while it appears that Ms. Silva did contact opposing counsel and request copies of documents, counsel has not presented any legal authority to show that this communication mishap amounts to an irreconcilable conflict of the severity requiring withdrawal.

While the United States Court of Appeals of the Seventh Circuit granted counsel's third motion to withdraw where the attorney-client relationship deteriorated, in that case the tensions in the relationship caused the client to have serious reservations about further using the attorney and resulted in the client fully consenting to the withdrawal despite the possibility of grave

---

[2]In *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Court adopted as binding precedent decisions of the Fifth Circuit rendered before October 1, 1981.

consequences. *Silberman v. Wigod*, 914 F.2d 260 (7th Cir. 1990). Here, Ms. Silva objects to Mr. Beacham's withdrawal.

Since Mr. Beacham has not provided evidence of an irreconcilable conflict, Ms. Silva has not consented to Mr. Beacham's withdrawal, and delay is likely to occur if withdrawal is granted, the Court DENIES counsel for plaintiff's motion to withdraw.

## V. Counsel for Plaintiff's Motion for Order for Plaintiff's Compliance with Fee Agreement

While the Court has ancillary jurisdiction to oversee a fee dispute in a pending action between a client and an attorney who is dismissed by such client, the Court makes a distinction between an attorney who is dismissed and one who seeks to withdraw and does not intervene in a fee dispute between a client and an attorney who seeks to withdraw while the action is pending. *Broughten*, 634 F.2d at 883; *see U.S. v. Buhler*, 278 F.Supp.2d 1297, 1300 (M.D. Fla. 2003).

Here, the action is still pending, and, Mr. Beacham's motion to withdraw has been denied. Therefore, this Court does not have ancillary jurisdiction to hear his motion for issuance of an order for plaintiff's compliance with the fee agreement.

## VI. Counsel for Plaintiff's Motion for Order for Plaintiff to Cooperate with Counsel

A client is not required to heed all of her attorney's advice but may disregard it and suffer the consequences. *Blackman*, 1991 WL 156237, *1. Therefore, the Court DENIES Counsel for Plaintiff's Motion for Order for Plaintiff to Cooperate with Counsel.

## VII. Conclusion

Accordingly, it is **ORDERED** that the Report and Recommendation dated July 20, 2006, (Dkt. 112), be **ADOPTED** and **INCORPORATED BY REFERENCE HEREIN**, the Defendant's Motion for Issuance of Order to Show Cause Regarding Pro Hac Vice Admission of Counsel for Plaintiff, (Dkt. 92), be **GRANTED**, and an order to show cause hearing be **SCHEDULED**. It is also **ORDERED** that Counsel for Plaintiff's Motion to Withdraw, (Dkt. 103), be **DENIED**; Counsel for Plaintiff's Objections, (Dkt. 116), be **OVERRULED**; Counsel for Plaintiff's Motion for Order for Plaintiff's Compliance with Fee Agreement be **DENIED**; and Counsel for Plaintiff's Motion for Order for Plaintiff to Cooperate with Counsel be **DENIED**.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 25th day of September 2006.




Copies to: All parties and counsel of record.