**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALICIA M. SILVA,**

    Plaintiff,

v.                                        Case No. 8:04-cv-2542-T-17EAJ

**JOHN E. POTTER, Postmaster General**
**of the United States Postal Service, and**
**Carl Eric Strandberg, Postmaster,**

    Defendants.
_____/

### ORDER GRANTING MOTION TO DISMISS BIVENS AND STATE LAW CLAIMS

THIS CAUSE is before the Court on the Defendant's, John E. Potter, Motion to Dismiss Bivens and State Law Claims along with Defendants' Memorandum of Law in Support of such Motion, (Dkt. 68), filed on February 1, 2006. The Court also has before it Plaintiff's Response to Defendant's Motion to Dismiss, (Dkt. 69), filed on February 3, 2006.

**I.      Standard of Review**

As a defense to a plaintiff's complaint, a defendant may file a motion with the court when the plaintiff has failed to state a claim under which relief can be granted. Fed. R. Civ. P. 12(b)(6). A cause of action should only be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff will not be able to prove a set of facts to support a theory of recovery entitling the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss, a court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). Additionally, the Eleventh Circuit Court of Appeals has held that dismissal under Rule 12(b)(6) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" of the complaint. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1326 (11th Cir. 2004).

Furthermore, when a federal court reviews a complaint's sufficiency, the issue is not whether the plaintiff will ultimately emerge victorious, but whether the claimant is entitled to offer evidence to support the claims.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

**II.     Factual and Procedural Background**

This controversy involves an employment discrimination dispute between Plaintiff, Alicia M. Silva, ("Silva"), a 48-year-old Hispanic postal worker at the Englewood, Florida facility, and Defendants, John E. Potter, Postmaster General of the United States Postal Service, ("U.S.P.S."), and Carl Eric Strandberg, ("Strandberg"), a local postmaster at the Englewood facility.

On July 10, 2006, the Court granted the Defendants' motion for summary judgment on various federal claims brought by Silva with the exception of her hostile work environment claim and a claim brought pursuant to the regulations of the Office of Personnel Management regarding the lack of proper notice for a medical examination.

In the matter before the Court, the Defendants move to dismiss any remaining claims involving violations of due process (other than Silva's previously adjudged claim regarding the alleged denial of a union representative), claims against Strandberg that Silva asserts to be *Bivens*-type actions, and any state law claims.  The Defendants also move to dismiss Strandberg as a defendant in this action.

The Defendants do not state a basis for their motion, yet, the Court has determined to proceed under Fed. R. Civ. P. 12(b)(6).  The Court also notes that due to the tortuous nature of the Complaint and the Plaintiff's Response to the Motion to Dismiss, the Court has long labored to decipher the claims in order to determine the applicable law.

**III.    Federal Due Process Violations**

A federal employee cannot sustain a cause of action against her supervisor for federal constitutional violations of due process where Congress has provided a particular remedy for redress and has indicated that the court's power should not be exercised.  *McCollum v. Bolger*, 794 F.2d 602, 606-607 (11th Cir. 1986) (citing *Bush v. Lucas,* 462 U.S. 367, 376-378 (1983)).  However, if no such restriction on the court's power is indicated by Congress, the court shall pay "particular heed . . . to any special factors counseling hesitation before authorizing a new kind of

2

federal litigation." *Id*. at 377.  These "special factors" limiting federal constitutional litigation include an employment relationship with the government that is covered by a "comprehensive remedial scheme" such as the collective bargaining agreements of the U.S.P.S.  *McCollum*, 794 F.2d at 606-607 (citing *Bush,* 462 U.S. at 389); *Rushing v. U.S. Postal Service,* WL 276107, *3 (E.D. La. 1991).

In the matter before the Court, Silva, a government employee, has alleged due process violations against her supervisor, Strandberg, the local postmaster at the Englewood, Florida facility of the U.S.P.S.  Since Silva has an employment relationship with the U.S.P.S., which has a comprehensive remedial scheme—the collective bargaining agreements—in place, the "special factor" limitation applies.  *McCollum*, 794 F.2d at 606-607.  Thus, the Court pays particular heed to the "special factor" and creates no new federal litigation category today.

Silva asserts that the due process claims fall into the category of *Bivens*-type claims because Strandberg's actions were not appropriate personnel actions arising in an employment context.  Silva alleges that Strandberg made false representations about her, made references to expunged matters in attempting to document her history of poor behavior, orchestrated a conspiracy of deception in attempting to document her poor behavior, and made false accusations to her.  Silva also claims that Strandberg made false representations to medical personnel who then ordered a psychiatric examination which found her unfit for duty and that he later canceled her request for a second examination.

*Bivens*-type claims permit causes of action against individual government officials under particular circumstances.  *See generally Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971).  In *Bush v. Lucas,* the Supreme Court painstakingly analyzed *Bivens* and determined that it provides a cause of action for a constitutional tort claim of due process only where no other relief is available to the plaintiff.  462 U.S. at 376-378.  Here, sufficient relief is available via the collective bargaining agreements of the U.S.P.S.  *McCollum*, 794 F.2d at 606-607.  Therefore, the violation of due process claim does not fall into the category of a *Bivens*-type claim, and, Silva's factual assertions notwithstanding, this Court does not reach the issue of the appropriateness or reasonableness of Strandberg's personnel actions as to this claim.

Accordingly, any federal constitutional claims of violation of due process against Strandberg alluded to in Counts I and II of the Complaint and any claims Silva refers to as *Bivens*-type claims under Count II of the Complaint are dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## IV.     State Law Claims

The Defendants also move to dismiss all state law claims.  The Federal Tort Claims Act, (the "FTCA"), is the vehicle permitting certain state law tort causes of action against the United States.  *Federal Deposit Insurance Corp. v. Meyer,* 510 U.S. 471, 477-78 (1994).  Since this Court has previously determined in its Order on Motion for Summary Judgment, (Dkt. 108), dated July 10, 2006, that Silva has not sustained any viable claims under the FTCA, the motion to dismiss any state law tort claims against the U.S.P.S. is now moot.  Therefore, the only issues that apparently remain to be resolved upon this motion are any state law tort claims against Strandberg individually and a claim alluded to by Silva regarding the violation of the Florida Civil Rights Act.

### A.     State Law Tort Claims

#### 1.
#### Immunity

A federal official acting in the context of an employment situation is provided with absolute immunity from any state law tort claims when his discretionary actions do not consist of illegitimate means beyond his scope of authority or "line of duty."  *Barr v. Matteo*, 360 U.S. 564, 575 (1959); *Arnold v. U.S.*, 816 F.2d 1306, 1310-1312 (9th Cir. 1987); *Williams v. Collins*, 728 F.2d 721, 727 (5th Cir. 1984).  A district court may dismiss a state law tort action against a federal official in the context of an employment situation where his legitimate actions are found to be within his authority.  *Arnold*, 816 F.2d at 1311-1312.

At all times pertinent to the present matter, Strandberg, as local postmaster of the Englewood facility and supervisor to Silva, was a federal official acting in the context of an employment situation.  Silva alleges in her Complaint that Strandberg violated her due process rights and caused her severe emotional distress by engaging not only in various civil rights

Case 8:04-cv-02542-EAK-EAJ   Document 124   Filed 10/26/06   Page 5 of 7 PageID 1033
CASE NO. 8:04-cv-2542-T-17EAJ

violations but also in what Silva refers to as "prohibited personnel practices" including harsh discipline, threats of termination of her employment, denials of promotions and transfers, false accusations of disruptive behavior, false representations to medical personnel, and finally termination.  Hence, the issue that now arises is whether these alleged prohibited personnel practices consist of excessive means beyond Strandberg's authority.

Federal officials acting in an employment context are within their authority if their actions reasonably relate to their duties even if such actions are tortious.  *Williams*, 728 F.2d at 727.  In *Williams*, a federal official's actions were found to be reasonably related to his duties and, thus, within his scope of authority where the official was accused of defaming the plaintiff, compiling a written record containing negative statements about the plaintiff, and threatening the plaintiff with termination—actions that the court deemed to be part and parcel of the official's investigatory duties.  *Id*. at 728.  On the other hand, in *Arnold*, the court found that the individual defendant was not acting within the scope of his authority and, therefore, was not immune from a tort action where the plaintiff alleged actions consisting of assault, battery, false imprisonment, and sexual harassment.  *Arnold*, 816 F.2d at 1312.

The Court finds the matter before it to be more comparable to *Williams* than to *Arnold*.  As in *Williams*, Silva alleges false accusations of inappropriate employment behavior, threats of termination, false representations consisting of negative employment documents, and other like acts against Strandberg.  The Court finds that these actions reasonably relate to the duties of a local postmaster acting in a supervisory role, cannot be defined as "excessive means" since they are acts common to supervisors in general, and are within the scope of Strandberg's authority because Strandberg was Silva's supervisor.  Even if some of the particular actions by Strandberg could possibly be found tortious, this would not affect his immunity as to the state law tort claims.  *See id*. at 727.

### 2.
### Pre-Emption

Strandberg puts forth the argument that all state law tort claims are pre-empted by the Civil Service Reform Act of 1978 and by Title VII of the 1964 Civil Rights Act, ("C.S.R.A."). However, whether Congress in creating the C.S.R.A. intended to pre-empt state law depends on

a case-by-case factual analysis of whether the state law tort claims are within the scope of the claims covered by the C.S.R.A. *Broughton v. Courtney*, 861 F.2d 639, 643 (11th 1988). Strandberg does not provide this analysis, and Silva, while asserting that Strandberg's actions exceeded the coverage of the C.S.R.A., provides no specific comparisons or legal authority supporting such an assertion.

As to Strandberg's contention that Title VII pre-empts state law tort claims, the Eleventh Circuit has not addressed this issue. *Roland v. Potter*, 366 F.Supp.2d 1233, 1235 (S.D. Ga. 2005). In *Roland*, the District Court for the Southern District of Georgia dismissed a federal employee's state law tort claim against an individual defendant stating it was pre-empted by Title VII because it was entirely derived from the alleged actions supporting the plaintiff's claims under Title VII. *Id*. at 1236. Yet, some courts have allowed a state law tort claim where the same set of facts supporting the tort claim also supported the Title VII action if the claim was for a "highly personal injury." *E.g. Wallace v. Henderson*, 138 F.Supp.2d 980, 986 (S.D. Ohio 2000) (allowing a state law tort claim where the defendant was accused of stalking and making death threats).

Here, Silva alleges Strandberg's employment actions exceed any prohibited employment practices as to discrimination. However, the Court finds that Strandberg's actions which allegedly entail harsh discipline, threats of termination of employment, denials of promotions and transfers, false accusations of disruptive behavior, false representations to medical personnel, and termination, do not reach the level of a "highly personal injury" as presented in *Wallace*. Since the same set of facts that support the Title VII claim also support the state law tort claims, the state law claims are not "sufficiently distinct" and are, therefore, pre-empted by Title VII. *See Pfau v. Reed*, 125 F.3d 927, 932 (5th Cir. 1997), *vacated and remanded on other grounds*, 525 U.S. 801 (1998), *pertinent holding reinstated*, 167 F.3d 228, 229 (5th Cir. 1999).

Accordingly, for the reasons discussed above, any and all state law tort claims against Strandberg alluded to in the Complaint, constitutional or otherwise, are dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**B.**

**Florida Civil Rights Act Claim**

A federal employee's exclusive judicial remedy for a claim of employment discrimination lies with Section 717 of Title VII of the 1964 Civil Rights Act, and the only appropriate defendant for a Title VII action is the head of the federal agency involved. *Canino v. U.S. Equal Employment Opportunity Commission*, 707 F.2d 468, 472 (11th Cir. 1983). In *Canino*, the Court found that the district court properly dismissed all defendants other than the head of the agency in an employment discrimination action where the plaintiff was a federal employee. *Id*.

While Silva does not make any specific reference to any portion of the Florida Civil Rights Act, she does allege that Strandberg's actions violate that Act. The Court will proceed with the presumption that Silva is alleging an employment discrimination claim under the Florida Civil Rights Act of 1992, § 760.10. Since the Eleventh Circuit has specifically held that a federal employee's sole remedy for employment discrimination lies under Section 717 of Title VII of the 1964 Civil Rights Act, and since Silva is a federal employee, the Court dismisses Silva's claim under § 760.10 as to all defendants. Accordingly, it is

**ORDERED** that the Defendants' Motion to Dismiss Bivens and State Law Claims, (Dkt. 68), be **GRANTED**, and that Defendant Carl Eric Strandberg be dismissed from this action. The Clerk of Court is directed to terminate Carl Eric Strandberg as a defendant in this case.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 26th day of October 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

_____

Copies to:  All parties and counsel of record.

7