UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ALICIA M. SILVA,

      Plaintiff,

v.                                                                    Case No. 8:04-cv-2542-T-17EAJ

JOHN E. POTTER, Postmaster General
of the United States Postal Service,

      Defendant.

_____/


## ORDER DENYING MOTION TO AMEND JUDGMENT, GRANTING MOTION TO CLARIFY HOSTILE ENVIRONMENT CLAIM, AND GRANTING MOTION TO RECONSIDER RULING ON OPM REGULATION CLAIM


THIS CAUSE is before the Court on Plaintiff, Alicia M. Silva's, Motion to Amend Judgment Based Upon Error, (Dkt. 111), filed on July 18, 2006, Defendant Postmaster's Response to the Motion to Amend, (Dkt. 114-1), filed on July 21, 2006, and Plaintiff's Reply to Defendant's Response to Motion to Amend, (Dkt. 117), filed on July 29,2006. The Court also has before it Defendant's Motions to Clarify Hostile Environment Claim and Reconsider Ruling on OPM Regulation Claim, (Dkt. 114-1), along with Plaintiff's Responses to the Motions to Clarify and Reconsider, (Dkt. 117), filed on July 29, 2006.


## I.    Background

This controversy involves an employment discrimination dispute between Plaintiff, Alicia M. Silva, ("Silva"), a 48-year-old Hispanic postal worker at the Englewood, Florida facility, and Defendant, John E. Potter, Postmaster General of the United States Postal Service, ("the Postmaster").

On July 10, 2006, the Court granted the Postmaster's motion for summary judgment on various federal claims brought by Silva with the exception of her hostile work environment claim and a claim brought pursuant to the regulations of the Office of Personnel Management regarding the lack of proper notice for a medical examination.

CASE NO. 8:04-cv-2542-T-17EAJ

On October 26, 2006, the Court granted the Postmaster's motion to dismiss claims involving violations of due process, claims against Carl Eric Strandberg, the local postmaster at the Englewood facility, individually, and all state law claims.

In the matter before the Court, Silva moves to amend judgment, based upon Fed. R. Civ. P. 52(b) and Local Rule 3.1, of the Court's order granting summary judgment on various federal claims.

## II.    Standard of Review

The proper standard of review for the Court when considering a motion to reconsider is set forth in *Prudential Securities, Inc. v. Emerson*, 919 F.Supp. 415 (M.D. Fla. 1996). The Court in *Prudential* held that "[a] Court will not alter a prior decision absent a showing of clear and obvious error where 'the interests of justice' demand correction." *Id.* at 417 (quoting *American Home Assurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)).

Moreover, the refusal to grant relief in a motion for reconsideration is reviewed by the appellate court under an abuse of discretion standard. *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). The court has considerable discretion to reconsider an order. *Johnston v. Tampa Sports Authority*, 442 F.Supp. 2d 1257, 1261 (M.D. Fla. 2006) (citing *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)). The trial court abuses its discretion if it overlooks a relevant factor that deserves significant weight. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). The trial court also abuses its discretion if it considers all relevant factors, but, nonetheless, commits a "palpable error of judgment in calibrating the decisional scales." *Id.* (citing *U.S. v. Hastings*, 847 F.2d 920, 924 (1st Cir. 1988), *cert. denied*, 488 U.S. 925 (1988)).

## III.    Motion to Amend Judgment Based Upon Error

### A.    Underlying Basis for a Motion to Amend

"On a party's motion . . . the court may amend its finding—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). "Any motion to alter or amend judgment shall be filed no later than ten (10) days after entry of the judgment." Fed. R. Civ. P. 59(e). Some courts have found that a motion to amend judgment under either Rule 52(b) or Rule 59(e) is permitted only where the judgment was entered subsequent to a

CASE NO. 8:04-cv-2542-T-17EAJ

bench trial. *See Hill v. Bethlehem Steel Corp.*, 729 F. Supp. 1071, 1072 n. 1 (E.D. Pa. 1989),
*aff'd*, 902 F.2d 1560 (3d Cir. 1990). And, in fact, a Rule 52(b) motion to amend judgment is
improper where the district court enters an order on a motion for summary judgment because the
findings of fact on a summary judgment motion "are not findings of fact in the strict sense that
the trial court has weighed evidence and resolved disputed factual issues." *All Hawaii Tours,
Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Haw. 1987), *rev'd in part on other
grounds, aff'd in part without opinion*, 855 F.2d 860 (9th Cir. 1988). *Accord Florham Park
Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F.Supp. 159, 161 (D.N.J. 1988) (holding that a
motion to amend findings under Rule 52(b) does not lie following an order on a motion for
summary judgment).

However, some courts have allowed motions to reargue or reconsider an order granting
summary judgment under Rule 59(e). *Farkas v. Ellis*, 783 F. Supp. 830, 832 (S.D.N.Y. 1992);
*see Park South Tenants Corp. v. 200 Central Park South Assocs.*, 754 F. Supp. 352 (S.D.N.Y.),
*aff'd*, 941 F.2d 112 (2d Cir. 1991) (permitting plaintiff's motion to reconsider final judgment).
While the Eleventh Circuit has not yet considered whether a motion to amend an order granting
summary judgment can be brought under Rule 59(e), the Sixth Circuit has found that a "motion
to reconsider" can be appropriately considered to be a motion to amend judgment under Rule
59(e) where the judgment being challenged is an order granting summary judgment. *Florida
Land Title Co. v. Martinez*, WL 839595, *2 (M.D. Fla. 1995) (citing *Smith v. Hudson*, 600 F.2d
60, 62 (6th Cir.), *cert. denied*, 444 U.S. 986 (1979)); *accord Financial Services Corp. of the
Midwest v. Weindruch*, 764 F.2d 197 (7th Cir. 1985); *Mann v. City of Tupelo*, 1995 WL 1945390
*1 (N.D. Miss. 1995) (construing a motion to reconsider an order on summary judgment brought
under Rule 52(b) as one brought under Rule 59(e)).

A district court must consider the type of relief requested by the movant rather than the
label of the motion in determining whether a motion to amend judgment falls under Rule 59(e).
*Wright v. Preferred Research, Inc.*, 891 F.2d 886, 889 (11th Cir. 1990). A timely motion under
Rule 59(e) to reconsider an order of summary judgment is appropriate where the judgment is
based on the merits of the case. *Prieto v. Storer Communications, Inc.*, 152 F.R.D. 654 (M.D.
Fla. 1994); *Wright*, 891 F.2d at 889; *see Sussman*, 153 F.R.D. at 694 (finding that Rule 59(e)
applies where the motion is timely served).

3

CASE NO. 8:04-cv-2542-T-17EAJ

Here, Silva moves under Rule 52(b) to amend the Court's findings in its order on summary judgment, claiming erroneous findings of fact and erroneous conclusions of law. Since a motion to amend judgment of an order on summary judgment does not lie under Rule 52(b), the Court has determined to proceed under Rule 59(e) which allows for a motion to amend judgment where the order being challenged is an order on summary judgment. *Florham Park Chevron, Inc.*, 680 F.Supp. at 161; *Florida Land Title Co.*, WL 839595 at 2.

Furthermore, in considering the type of relief requested by the movant in the motion to amend judgment, *Wright*, 891 F.2d at 889, the Court has determined that Silva asks for reconsideration of the order granting summary judgment under Rule 59(e). Silva asserts that the Court misstated a material fact in its order and made erroneous conclusions of law when it attributed the Postmaster's requirement that Silva have a fitness for duty exam to her statement that the only way to change her appearance would be to take a gun to her face. While Silva's statement about the gun did occur before her fitness for duty exam, the Postmaster concedes that it was not a basis for requiring Silva to have a fitness for duty exam. Silva further asserts that since the gun remark did not prompt the fitness for duty exam, there was no legitimate reason for the exam. However, as stated in the Order, the Postmaster avers that it required the fitness for duty exam based on various legitimate reasons including co-worker complaints, supervisor evaluations, and a customer complaint indicating hostility. (Dkt. 108 at pp. 7-8). Silva has failed to allege any factual errors that counter these basis for the fitness for duty exam. In addition, Silva has failed to state any legal authority indicating the possibility of any erroneous conclusions of law. Therefore, the Court determines that Silva's motion is a motion for reconsideration brought under Rule 59(e) and is not a proper motion to amend the Court's findings under Rule 52(b). *See also Florham Park Chevron, Inc.*, 680 F.Supp. at 161.

### B.    Discussion

A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "[s]et forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993). Courts have recognized three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *See Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981). Furthermore,

CASE NO. 8:04-cv-2542-T-17EAJ

motions for reconsideration "should not be used to raise arguments which could, and should, have been made earlier." *Prudential*, 919 F.Supp. at 417. Thus, a party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration. *Villaflores v. Royal Venture Cruise Lines, Ltd.*, WL 728098 (M.D. Fla. 1997).

### 1.    Title VII Fitness for Duty Claim

Regarding the Court's denial of Silva's Title VII Fitness for Duty Claim, Silva does not argue that there has been an intervening change in controlling law or that either party has newly discovered evidence. In addition, Silva presents no legal authority to show clear error or manifest injustice. In its granting of summary judgment, the Court found that Silva did not have a valid claim for Fitness for Duty under Title VII because she did not respond to the Postmaster's contention that it had a legitimate reason for requiring a fitness for duty exam. Since Silva did not present an argument when she should have and could have, *Prudential*, 919 F.Supp. at 417, the Court denies Silva's motion for reconsideration of the Court's ruling on her Fitness for Duty claim under Title VII.

### 2.    Federal Tort Claims Act

The Federal Tort Claims Act, (the "FTCA"), is the vehicle permitting certain state law tort causes of action against the United States. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 477-78 (1994). Regarding the Court's denial of any legitimate claims under the Federal Tort Claims Act, Silva does not argue that there has been an intervening change in controlling law or that either party has newly discovered evidence. Instead, Silva now argues facts that could have been argued when she initially responded to the motion for summary judgment. In its granting of summary judgment, the Court found that Silva did not have any proper claims under the Federal Tort Claims Act because she did not respond to the Postmaster's contention that she failed to properly notify it of her claims. After neglecting to address this contention in her response to the motion for summary judgment, Silva now attempts to argue that claims made to other agencies were sufficient to serve as notice to the Postmaster. Silva provides no legal authority for this attempted argument. Since Silva did not present her sufficient notice argument earlier when she should have and could have, *Prudential*, 919 F.Supp.

CASE NO. 8:04-cv-2542-T-17EAJ

at 417, the issue of whether notice to other agencies other than the defendant agency constitutes proper notice of a claim is not an issue the Court will reach today. Thus, Silva's motion for reconsideration of the Court's ruling on claims under the Federal Tort Claims Act is denied.

### 3.

### Privacy Act Claim

Regarding the Court's determination that Silva has not presented the necessary elements of a claim under the Privacy Act, Silva neither argues that there has been an intervening change in controlling law nor argues that either party has newly discovered evidence. Again, Silva argues additional facts that could have been argued when she initially responded to the motion for summary judgment. In its granting of summary judgment, the Court found that Silva did not have a valid claim under the Privacy Act because she suffered no damages and she did not plead the necessary elements comprising such a valid claim as discussed in *Perry v. Bureau of Prisons*, 371 F.3d 1304, 1305 (11th Cir. 2004). After neglecting to address damages and the *Perry* elements, or any other legal authority, in her response to the motion for summary judgment, Silva now attempts to argue that she did suffer damages due to "extreme stress." However, Silva still provides no legal authority for her allegations. (*See* Dkt. 111, p. 3). Since Silva did not present her damages argument earlier when she should have and could have, *Prudential*, 919 F.Supp. at 417, and since she provides no law of a strongly convincing nature for her allegations, *Cover, Inc.,* 148 F.R.D. 294, her motion for reconsideration of the Court's ruling on a claim under the Privacy Act is denied.

### 4.

### Hostile Work Environment Claim

Silva alleges that "the elements of [her] national origin discrimination and retaliation [claim] were not sufficiently addressed, especially in light of the recent Supreme Court decision in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. _____ (2006) decided June 22, 2006." Nevertheless, while Silva cites to *Burlington*, she provides no legal argument, no analysis, and she requests no specific relief as required by Local Rule 3.01. (*See* Dkt. 111, p. 3). Since the Court did not grant summary judgment on Silva's hostile work environment claim, and since Silva has not complied with the Local Rule in addressing her allegation, the Court denies this unexplained motion to reconsider.

CASE NO. 8:04-cv-2542-T-17EAJ

### 5.

## Prohibited Personnel Practices Claim Under 5. U.S.C. 2302(b)(8)

Regarding the Court's determination that Silva has not presented a valid claim under 5 U.S.C. 2302, Silva does not argue that there has been an intervening change in controlling law or that either party has newly discovered evidence. Instead, Silva now seemingly alleges a new claim under 5 U.S.C. 2302(b)(8), a whistleblower protection provision included among the prohibited personnel practices enumerated in the statute. Yet, Silva has not provided any new facts regarding a claim under this whistleblower protection provision. Since Silva failed to initially present her strongest case when she responded to the motion for summary judgment, she cannot bring up new theories or arguments in a motion for reconsideration. *Villaflores*, 1997 WL 728098 at 1. Consequently, Silva's motion for reconsideration of the Court's ruling on her claim under 5 U.S.C. 2302 is denied.

### 6.

## Title VII Breach of Settlement Agreement Claim

Regarding the Court's determination that Silva has not presented a valid claim under Title VII for Breach of a Settlement Agreement, Silva does not argue that there has been an intervening change in controlling law or that either party has newly discovered evidence. Silva now seemingly alleges additional facts that could have been argued when she initially responded to the motion for summary judgment. In its granting of summary judgment, the Court found that Silva did not have a valid claim under Title VII for Breach of Settlement Agreement because she neglected to answer the Postmaster's allegation that she did not file suit within the required 90 days of the EEOC determination. *See Baldwin Co. Welcome Center v. Brown*, 466 U.S. 147 (1984) (finding that failure to file complaint within 90 days of right to sue EEOC determination is bar to Title VII suit). After neglecting to address the Postmaster's allegation in her response to the motion for summary judgment, Silva now attempts to argue that she had no knowledge of the alleged breach of settlement agreement until after the 90-day period. Yet, Silva still provides no legal authority for her argument. (*See* Dkt. 111, p. 4). Since Silva did not present her lack of knowledge argument earlier when she should have and could have, *Prudential*, 919 F.Supp. at 417, and since she provides no law of a strongly convincing nature for her argument, *Cover, Inc.,*

CASE NO. 8:04-cv-2542-T-17EAJ

148 F.R.D. 294, her motion for reconsideration of the Court's ruling on her claim under Title VII for Breach of Settlement is denied.

### IV.

### Defendant's Motion to Clarify Legal Basis for Hostile Environment Claim

A motion for clarification of a court order is treated as a motion to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e). *Birdsong v. Wrotenbury,* 901 F.2d 1270 (5th Cir. 1990). *Perkie v. Group Technologies, Inc.,* WL 91379, *2 (M.D. Fla. 1995). A cause of action under 42 U.S.C. § 1983 does not lie against federal officers acting under color of federal law. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 456 F.2d 1339, 1341 (1972). However, an employee may bring a cause of action against state officers under 42 U.S.C. § 1983 for violations of civil rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment. *Driesse v. Florida Bd. of Regents,* 26 F.Supp. 2d 1328, 1333 (M.D. Fla. 1998).

Here, Silva's cause of action for a hostile work environment due to national origin and sexual harassment has been brought against the Postmaster General of the United States Postal Service, a federal agency or officer acting under color of federal law, not against state officers. Since a cause of action against the Postmaster does not lie under 42 U.S.C. § 1983, Silva does not have a valid claim. *See Bivens,* 456 F.2d at 1341.

In its order on summary judgment, the Court incorrectly discussed the elements of Silva's hostile work environment claim based on 42 U.S.C. § 1983. However, the correct basis for her claim is Title VII, not 42 U.S.C. § 1983. *See* 42 U.S.C. § 2000e-16(c). The elements comprising a valid hostile work environment claim under Title VII are as follows: (1) that the plaintiff belongs to a protected group; (2) that the plaintiff has been subjected to unwelcome harassment; (3) that the harassment was based on a protected characteristic of the employee, such as national origin; (4) that the harassment was sufficiently severe or pervasive to affect the conditions of employment and create discriminatorily abusive employment conditions; and (5) that there is a basis for holding the employer vicariously liable. *Apodaca v. Secretary of Dept. of Homeland Sec.,* 161 Fed. Appx. 897, 901 (11th Cir. 2006); *see also Gupta v. Fla. Bd. of Regents,* 212 F.3d 571, 582-583 (11th Cir. 2000). "It is repeated incidents of verbal harassment that continue despite the employee's objections that are indicative of a hostile work environment

CASE NO. 8:04-cv-2542-T-17EAJ

and not simply some magic number of racial or ethnic insults." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002). "The environment must be one that a reasonable person would find hostile or abusive and that the victim subjectively perceives to be abusive." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245, 1246 (11th Cir. 1999). To determine if the harassment is severe or pervasive and has affected the employee's conditions of employment, the Court looks at the totality of the circumstances by considering four factors: (1) the frequency of the alleged behavior; (2) the severity of the alleged behavior; (3) whether the alleged behavior is physically threatening or humiliating, or only offensive; and (4) whether the alleged behavior unreasonably interferes with the employee's job performance. *Allen v. Tyson Foods*, 121 F.3d 642, 647 (11th Cir. 1997); *Mendoza*, 195 F.3d 1239 at 1246. Here, the Court determined in its order on summary judgment, that Silva had presented sufficient evidence to preclude summary judgment on her hostile work environment claim. This determination was based on allegations involving comments by Silva's coworkers regarding her "Hispanic" appearance, Silva's documenting of unwelcome incidents of negative treatment, and the deposition testimony of co-worker Jeanne Staffeldt indicating ongoing hostile treatment due to national origin. The Court found these allegations to be sufficiently pervasive to be considered objectively and subjectively hostile.

Since the Postmaster has accepted that if a genuine issue of material fact exists as to whether Silva suffered a hostile work environment under 42 U.S.C. § 1983, the same genuine issue of material fact would exist under Title VII, (*see* Dkt. 114-1, p. 9 n. 5), the Court takes no further action at this time other than to clarify that Silva's claim is indeed based on Title VII of the Civil Rights Act of 1964 and not on 42 U.S.C. § 1983.

## V.

## Defendant's Motion to Reconsider Ruling on OPM Regulation Claim

A Court justifies its reconsideration of a prior judgment if such reconsideration is necessary in order correct clear error or manifest injustice. *Fla. College of Osteopathic Medicine, Inc.*, 12 F.Supp. 2d 1306, 1308 (M.D. Fla. 1998).

The Court found in its order on summary judgment that the Postmaster did not provide sufficient evidence or law to warrant granting summary judgment on Silva's OPM Regulation Claim that the Postmaster failed to follow the mandates of 5 C.F.R. § 339.303 when it did not

CASE NO. 8:04-cv-2542-T-17EAJ

give Silva a written explanation of the reasons for its requirement of a fitness for duty examination. While the legal authority presented in the Postmaster's Motion for Reconsideration is more substantial than the authority provided in its Motion for Summary Judgment, the Court has expanded on the Postmaster's analysis in reconsidering its own decision in order to correct clear error.

Postal Service employees are members of the excepted service category of the Civil Service, and, as such, they are not governed by the rules enacted by the Office of Personnel Management which governs civil servants in the competitive service category. *Royals v. Tisch*, 864 F.2d 1565, 1566 n. 2 (11th Cir. 1989); *see also Collaso v. Merit Systems Protection Board*, 775 F.2d 296, 297 (Fed. Cir. 1985); 5 C.F.R. § 1.1, 5 C.F.R. § 339.101. The Civil Service Reform Act categorizes federal employees as follows: (1) those in the competitive service; (2) those who are preference eligible (veterans); (3) those in the excepted service; and (4) probationers with less than one year of service. *Harrison v. Bowen*, 815 F.2d 1505, 1510 (C.A.D.C. 1987). A particular employee's rights may depend upon the category in which the employee belongs, with competitive service and preference eligible employees generally receiving more rights than excepted service employees and probationers. *Id.* In order for a preference eligible Postal Service employee to enjoy a right provided by an Office of Personnel Management, ("OPM"), regulation, the particular regulation "must further some right afforded to preference-eligible employees under the Veterans' Preference Act." *Gribcheck v. U.S. Postal Service*, 87 M.S.P.R. 473, 480 (2001). The OPM's part 339 regulations, including 5 C.F.R. § 339.303 requiring an agency to notify an employee in writing of its reasons for requiring a medical examination, do not apply to the Postal Service because they would contravene the agency's collective bargaining agreements. *Id.* at 481.

Here, Silva who is an employee of the Postal Service asserts that she is a preference eligible employee instead of an excepted service employee and as such enjoys more rights than excepted service employees of the Postal Service. She alleges that her rights include those provided under the OPM regulations, specifically 5 C.F.R. § 339.303 which she alleges requires the Postmaster to notify her in writing of its reasons for requiring her to have a fitness for duty examination.

While the Eleventh Circuit finds generally that Postal Service employees are part of the excepted service and, accordingly, not recipients of rights provided under the OPM's

CASE NO. 8:04-cv-2542-T-17EAJ

regulations, *Royals*, 864 F.2d at 1566 n. 2, the question remains as to whether Silva, a preference eligible employee of the Postal Service, is accorded rights under the OPM's part 339 regulations. In order for Silva to receive protection under 5 C.F.R. § 339.303, the regulation "must further some right afforded to preference-eligible employees under the Veterans' Preference Act." *Gribcheck*, 87 M.S.P.R. at 480. 5 C.F.R. § 339.303 does not identify or further any rights afforded to preference eligible employees under the Veteran's Preference Act, and, for this reason, Silva does not have protection under that regulation. *Id.* In fact, the protection afforded under 5 C.F.R. § 339.303, if applicable to Postal Service employees, would contravene and render meaningless the Collective Bargaining Agreements currently in place under the Postal Reorganization Act. *Id.* at 480-481. In *Gribcheck*, the Postal Service's requirement that a preference eligible employee submit to a fitness for duty examination was found not to be a violation. Likewise, the Postmaster's requirement for Silva to undergo a fitness for duty examination is not in violation of any applicable regulations, and Silva has no protection under the OPM's part 339 regulations due to her alleged preference eligible status. Therefore, the Court reverses its decision in its order denying summary judgment as to Silva's OPM Regulation Claim and grants the Postmaster's motion to reconsider. Accordingly, it is

11

CASE NO. 8:04-cv-2542-T-17EAJ

**ORDERED** that the Plaintiff's Motion to Amend Judgment, (Dkt. 111), be **DENIED,** that the Defendant's Motion to Reconsider Ruling on the OPM Regulation Claim, (Dkt. 114-1), be **GRANTED,** and that the Clerk of Court enter summary judgment for the Defendant as to this claim. It is also **ORDERED** that the Defendant's Motion to Clarify Hostile Work Environment Claim, (Dkt. 114-1), which has been addressed above, be treated solely as a motion to clarify and **GRANTED** in part. Therefore, the Hostile Work Environment Claim is the only remaining claim in this case.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 6th day of November 2006.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All Parties and Counsel of Record